# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, | CASE NO. 1:08-cv-01174-AWI-GSA PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| A. SANTOS, et al., | |
| Defendants. | (DOC. 1) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

### Screening Order

**I.  Screening Requirement**

Plaintiff Whittier Buchanan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 11, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

///

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to this action. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff is a state prisoner who was transferred to the Pleasant Valley State Prison on October 23, 2007. While Plaintiff was waiting in the R & R building to be processed into Pleasant Valley, Defendant Santos called Plaintiff's name and took him outside, where Defendant Santos demanded to know what Plaintiff said to Defendant Collins, and said that Defendant Collins told him Plaintiff had gotten smart with her. Defendant Santos then slammed Plaintiff against the wall and told him not to mess with the female guards in Pleasant Valley. Plaintiff alleges that Defendant Santos' actions were unjustified. Plaintiff alleges that Defendants McBryde and Duty were aware of Defendant Santos' actions but chose to ignore the incident.

Plaintiff alleges that Defendants McBryde and Duty then gave all the newly transferred prisoners a speech telling them not to mess with the women, and not to come to the officers for help if they end up owing others money for bets or drugs. Defendants McBryde and Duty told

///

the newly transferred prisoners to "'suck','fuck', or 'fight'" if they wanted to solve their own debt. (Compl. p.3c.)

Plaintiff alleges that after he submitted an inmate grievance against Defendant Reyes for confiscating Plaintiff's straw hat, other guards who are also members of the Green Wall prison guard gang started to verbally harass Plaintiff as a retaliation for filing an inmate grievance against Defendant Reyes, a member of the Green Wall gang. Plaintiff specifically alleges that Defendants Mendoza and Garrison retaliated against him for filing an inmate grievance against Defendant Reyes.

**B. Eighth Amendment**

Plaintiff alleges that Defendant Santos violated the Eighth Amendment when he slammed Plaintiff into a wall, causing him a lump on his forehand, and warned him against "messing with our women." (Compl. p.3b.) The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). When a prison security measure is undertaken in response to an incident, the question of whether the measures taken inflicted unnecessary and wanton pain and suffering depends on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 6.

The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Whitley v. Albers, 475 U.S. 312, 319 (1986); see also Hudson v. McMillian, 503 U.S. 1. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Moreoever, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson v. McMillian, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of

mankind.'" Id. at 9-10 (internal quotations marks and citations omitted). Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment. Id.; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations are sufficient to state a claim for excessive force against Defendant Santos, but not against Defendant Collins. Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Although Plaintiff alleges that Defendant Collins had no reason to tell Defendant Santos that Plaintiff got smart with her, Plaintiff fails to allege any facts demonstrating that Defendant Collins committed any conduct which caused or contributed to the deprivation of Plaintiff's Eighth Amendment rights. Furthermore, Plaintiff's conclusory allegations that Defendants McBryde and Duty knew of the assault but covered it up and/or ignored it does not support a claim. There is no indication that Defendants McBryde and Duty witnessed the incident or knew beforehand that it was going to occur. Therefore, they may not be held responsible for Defendant Santos' conduct, and the failure to take action after the fact is not a constitutional violation.

Finally, Plaintiff alleges that Defendant Yates is responsible for the welfare of all the prisoners at Pleasant Valley, thus he is liable for the alleged violation of Plaintiff's constitutional rights. Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. Plaintiff fails to allege any facts

showing that Defendant Yates personally committed any conduct leading to a deprivation of Plaintiff's rights, or implemented a policy that was a repudiation of his constitutionals rights. Hydrick, 500 F.3d at 987. Accordingly, Plaintiff fails to state a claim against Defendant Yates.

### C. Retaliation

Plaintiff alleges that Defendants Mendoza and Garrison retaliated against him for filing an inmate grievance against Defendant Reyes. On June 10, 2008, Defendant Reyes confiscated a straw hat that Plaintiff was wearing, claiming that it had been altered. Plaintiff filed an inmate grievance against Defendant Reyes for the confiscation of his property. Plaintiff alleges that Defendant Reyes then told other prison guards that Plaintiff filed an inmate grievance against him, which led to the other prison guards harassing Plaintiff. Specifically, Plaintiff alleges that Defendant Mendoza confiscated a pair of pants, and issued him a CDC-115 form for altering state property. Plaintiff alleges that he did not alter the pants and that Defendant Mendoza was merely retaliating against him. Plaintiff then filed an inmate grievance against Defendant Mendoza, and Defendant Mendoza put a hold on his account until Plaintiff pays $21.00, the cost of the pants. Plaintiff also alleges that Defendant Garrison verbally harassed him and deprived him of one meal.

Allegations of retaliation against a prisoner's First Amendment right to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against a prisoner (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Filing inmate grievances is a protected activity and it is impermissible for prison officials to retaliate against prisoners for engaging in theses activities. However, not every allegedly adverse action will be sufficient to support a claim under section 1983 for retaliation. In the

prison context, cases in this Circuit addressing First Amendment retaliation claims involve situations where the action taken by the defendant was clearly adverse to the plaintiff. Rhodes, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault in retaliation for filing grievances); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (retaliatory placement in administrative segregation for filing grievances); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (retaliatory validation as a gang member for filing grievances); Hines v. Gomez, 108 F.3d 265, 267(9th Cir. 1997) (retaliatory issuance of false rules violation and subsequent finding of guilt); Pratt, 65 F.3d 802, 806 (9th Cir. 1995) (retaliatory prison transfer and double-cell status in retaliation); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989) (prisoner labeled a snitch and approached by other prisoners and threatened with harm as a result); Rizzo, 778 F.2d 527, 530-32 (9th Cir. 1985) (retaliatory reassignment out of vocational class and transfer to a different prison).

However, verbal harassments, like threats, do not constitute an adverse action and, therefore, do not fulfill the requisite second element. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (holding prisoner litigating a retaliation claim must show he suffered some "adverse action" at hands of prison officials). An allegation that a defendant subjected a prisoner to "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir.1987) (internal quotations omitted).

Plaintiff's allegations are sufficient to state a retaliation claim against Defendant Mendoza. However, Plaintiff's allegations do not support a claim that Defendant Garrison took action against Plaintiff that was sufficiently adverse to rise to the level of a constitutional violation. Plaintiff also fails to state a retaliation claim against Defendant Reyes. Plaintiff fails to allege sufficient facts demonstrating that Defendant Reyes committed any act which deprived Plaintiff of his constitutional rights.

**D.      Claim for Equitable Relief**

In addition to damages, Plaintiff seeks injunctive relief prohibiting future retaliation against Plaintiff for filing this action and declaratory relief. "[T]hose who seek to invoke the

jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.

18 U.S.C. §3626(a)(1)(A). The injunctive relief that Plaintiff is seeking is not narrowly drawn to correct the violations alleged. An injunction prohibiting future retaliation for filing this action would not remedy the alleged past violation of Plaintiff's rights.

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that

///

Plaintiff's constitutional rights were violated. Accordingly, a declaratory judgment is unnecessary and duplicative. Therefore, this action should proceed as one for damages only.

### III. Conclusion and Order

Plaintiff's complaint states an Eighth Amendment claim for use of excessive force against Defendant Santos and a retaliation claim against Defendant Mendoza. However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff two summonses and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . . " Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," E.D. Cal. R. 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:May 7, 2009:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Santos for excessive force and against Defendant Mendoza for retaliation;
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: May 7, 2009 /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE