# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, | CASE NO. 1:08-cv-01174-AWI-GSA PC |
| Plaintiff, | ORDER ADDRESSING NOTICE, AND DENYING REQUEST FOR ORDER MANDATING LAW LIBRARY ACCESS |
| v. | |
| A. SANTOS, et al., | (Doc. 14) |
| Defendants. | |

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Whittier Buchanan, a state prisoner proceeding pro se and in forma pauperis. On May 9, 2009, the Magistrate Judge issued an order finding that Plaintiff's complaint states a claim against Defendant Santos for use of excessive force in violation of the Eighth Amendment and against Defendant Mendoza for retaliation in violation of the First Amendment, but does not state any other claims. 28 U.S.C. § 1915A. Plaintiff was given the option of either filing an amended complaint curing the deficiencies in his claims or notifying the Court of his willingness to proceed only on his cognizable claims. On May 22, 2009, Plaintiff filed a notice stating his willingness to proceed only on his cognizable excessive force and retaliation claims. Based on Plaintiff's notice, the Court dismissed certain claims and defendants from this action on June 8, 2009, and referred the matter back to the Magistrate Judge for further proceedings.

On May 28, 2009, Plaintiff filed a second notice stating that he wants the Court to know that he opted to proceed on his cognizable claims rather than file an amended complaint only because he

///

1 is not being allowed access to the law library. Plaintiff also requests assistance in accessing the law
2 library.

3 Plaintiff is not precluded from amending his complaint in the future, subject to Rule 15 of
4 the Federal Rules of Civil Procedure, the Local Rules, and relevant court orders. However, the Court
5 cannot issue an order requiring prison officials to allow Plaintiff to go to the law library. The Court
6 does not have jurisdiction to issue such an order, 18 U.S.C. § 3626(a)(1)(A); City of Los Angeles
7 v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams.
8 United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982);
9 Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006), and Plaintiff does not have a
10 federally protected right to go to the law library, Lewis v. Casey, 518 U.S. 343, 351 (1996). Rather,
11 while Plaintiff may not be denied access to the courts by prison officials, the right of access is merely
12 the right to bring to court a grievance the inmate wishes to present. Lewis, 518 U.S. at 354. A law
13 library is only one means of ensuring access to the courts, and access may be facilitated in ways other
14 than physical access to a law library. Id. at 351.

15 Accordingly, Plaintiff's notice is DEEMED ADDRESSED, and Plaintiff's request for an
16 order mandating law library access is HEREBY DENIED for lack of jurisdiction.

18 IT IS SO ORDERED.
19 **Dated:    June 19, 2009**              **/s/ Anthony W. Ishii**
                                            CHIEF UNITED STATES DISTRICT JUDGE