# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, | CASE NO. 1:08-cv-01174-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO DISMISS FILED BY DEFENDANTS MENDOZA AND SANTOS BE GRANTED IN PART AND DENIED IN PART |
| v. | |
| A. SANTOS, et al., | |
| Defendants. | (Doc. 37) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

## I.  **FINDINGS**

### A.  **Procedural History**

Plaintiff Whittier Buchanan, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 11, 2008. On May 9, 2009, the Magistrate Judge issued an order finding that Plaintiff's complaint states a claim against Defendant Santos for use of excessive force in violation of the Eighth Amendment and against Defendant Mendoza for retaliation in violation of the First Amendment, but does not state any other claims. 28 U.S.C. § 1915A. Plaintiff was given the option of either filing an amended complaint curing the deficiencies in his claims or notifying the Court of his willingness to proceed only on his cognizable claims. On May 22, 2009, Plaintiff filed a notice stating his willingness to proceed only on his cognizable excessive force and retaliation claims. Pursuant to the order filed on June 8, 2009, this action is proceeding on Plaintiff's Complaint, filed August 11, 2008, against Defendant Santos for use of excessive force in violation of the Eighth

1  Amendment and against Defendant Mendoza for retaliation in violation of the First Amendment.[1]

2  On February 4, 2010, Defendants Mendoza and Santos filed a motion to dismiss for
3  failure to exhaust.  Fed. R. Civ. P. 12(b).  Plaintiff filed an opposition on March 4, 2010.
4  Defendants filed a reply on March 9, 2010.  The motion has been deemed submitted.  Local Rule
5  230(l).

6  **B.** **Failure to Exhaust**

7  **1.** **Legal Standard**

8  Defendants argue that Plaintiff failed to exhaust his claims in compliance with 42 U.S.C.
9  § 1997e(a), subjecting the claims to dismissal.  Section 1997e(a) of the Prison Litigation Reform
10 Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under
11 [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
12 correctional facility until such administrative remedies as are available are exhausted."  Prisoners
13 are required to exhaust the available administrative remedies prior to filing suit.  *Jones v. Bock*,
14 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).
15 Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief
16 offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion
17 requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516,
18 532 (2002).

19 The California Department of Corrections and Rehabilitation (hereinafter "CDCR") has
20 an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1
21 (West 2009).  The process is initiated by submitting a CDCR Form 602 (hereinafter "CDCR
22 602").  *Id.* at § 3084.2(a).  Four levels of appeal are involved, including the informal level, First
23 Formal Level, Second Formal Level, and Third Formal Level, also known as the "Director's
24 Level."  *Id.* at § 3084.5.  Appeals must be submitted within fifteen working days of the event
25 being appealed, and the process is initiated by submission of the appeal to the informal level, or

---

[1] Plaintiff's Eighth Amendment and retaliation claims, except for those identified above, were dismissed for failure to state a claim upon which relief may be granted; and Defendants Collins, Yates, Garrison, Duty, Reyes, and McBryde were dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted against them under section 1983.

in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. *Jones*, 127 S.Ct. at 921; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. *Wyatt*, 315 F.3d at 1119 (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

### 2.  Defendant Mendoza's Motion to Dismiss

#### a. Plaintiff's Allegations

In the Complaint, Plaintiff alleges that, in retaliation for Plaintiff having filed a CDCR 602, on or about July 16, 2008, Defendant Mendoza took Plaintiff's pants saying that Plaintiff had altered them and two days later told Plaintiff to sign a trust account form to pay $21.00 for altering state property. (Doc. 1, Compl., p. 7.) Plaintiff refused to sign the form as he had not altered the pants. (*Id.*) Two weeks later Defendant Mendoza issued a CDC 115 to Plaintiff for altering state property to which Plaintiff responded with a CDCR 602 for Defendant Mendoza falsely accusing him of altering state property. (*Id.*) Defendant Mendoza thereafter put a hold on Plaintiff's money until he paid the cost of the pants, said he would take all of Plaintiff's property, and put him on 30-90 days yard restriction. (*Id.*) Plaintiff filed this action on August 11, 2008. (Doc. 1, Compl.)

#### b. Defense Argument

Defendants argue that: while Plaintiff did submit a CDCR 602 regarding Defendant

Mendoza's issuance of a CDCR 115 in alleged retaliation against Plaintiff for refusing to sign a trust account form to pay for his altered pants, Plaintiff failed to fully exhaust his CDCR 602 in the requisite manner because Plaintiff only appealed the CDCR 602 through the First Level of Review (Doc. 37-1, Def. MTD, p. 6; Duran Decl.; Ex. A; Fortson Decl.; Ex. B); given Plaintiff's claim for compensatory and punitive damages in his complaint, his failure to pursue his appeal through the Director's Level should bar his claim (*Id.*); the decision on Plaintiff's First Level appeal of the Mendoza claim was not issued until August 12, 2008 (*Id.* ref. Def Ex. A-1); and Defendants extrapolate that, because the decision on the First Level appeal was not issued until August 12, 2008, Plaintiff could not have fully exhausted his claims before he filed this lawsuit on August 11, 2008. (*Id.*)

### c. **Discussion/Analysis**

Review of the documents submitted by the parties shows that Plaintiff filed a CDCR 602 on July 17, 2008 wherein he alleged that Defendant Mendoza threatened to file a CDC 115 against Plaintiff for refusing to sign a form agreeing to pay for a pair of pants which Defendant Mendoza claimed Plaintiff had altered, and that Defendant Mendoza engaged in these acts and others to harass Plaintiff out of retaliation for Plaintiff having filed a previous CDCR 602 against Defendant Mendoza for taking the pants that were altered before they were issued to Plaintiff. (Doc. 37-3, Def. MTD Exh. A-1, p. 5; Doc. 38, Plntf. Opp, Exhs, p. 33.) The decision at the informal level and filing by Plaintiff at the First Level were bypassed and the decision at the First Level was "completed" July 30, 2008, but dated "returned to inmate" on August 12, 2008. (Doc. 37-3 at p. 6; Doc. 38 at p. 34.)

The First Level Appeal Decision indicates that Plaintiff's CDCR 602 against Mendoza had been processed as a staff complaint appeal inquiry. (Doc. 37-3, p. 8.) Plaintiff's appeal was partially granted at the First Level. (*Id.* at p. 9.) The last paragraph on the form which notified Plaintiff that his appeal was partially granted stated: "Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the

4

Director's Level of Review, your administrative remedies will be considered exhausted." (*Id.* at p. 9.) While the defense argues that Plaintiff did not pursue his appeal beyond the First Level, Plaintiff submitted evidence to show that he requested both a Second Level Review on August 13, 2008, which was denied indicating that Plaintiff was attempting to change the original CDCR 602 issue and a Director's Level Review on August 20, 2008, which found that Plaintiff's appeal had been "rejected, withdrawn or cancelled." (*Id.* Doc. 38 at pp. 37-41.)

Whether Plaintiff attempted to change the original appeal issue in his request for a Second Level Review need not be addressed as he filed this action (August 11, 2008) two days before he filed his request for Second Level Review (August 13, 2008). Thus, based on Plaintiff's own evidence, and regardless of the substance of his allegations at the Second and Final Levels, Plaintiff had not completed the Second Level and Director's Level of review of his claim against Defendant Mendoza for unconstitutionally retaliating against Plaintiff before he filed this action.

Accordingly, since Plaintiff did not exhaust the inmate appeals process regarding his claims against Defendant Mendoza (for harassing Plaintiff in retaliation for Plaintiff having previously filed an inmate appeal against him) Defendant Mendoza's motion to dismiss should be granted.

### 3. Defendant Santos' Motion to Dismiss

#### a. Plaintiff's Allegations

In the Complaint, Plaintiff alleges that, on October 23, 2007, upon his arrival at Pleasant Valley State Prison, while waiting to be processed in R&R, Defendant A. Santos cuffed Plaintiff and led him outside where he assaulted and battered Plaintiff, warning him not to "mess with " the women officers at that facility. (Doc. 1, Compl., pp. 3, 5-6.)

#### b. Discussion/Analysis[2]

Defendants argue that Plaintiff never submitted a CDCR 602 regarding his allegations

---

[2] The portion of Plaintiff's Opposition that references the processing of a CDCR 602 that Plaintiff filed at Kern Valley State Prison, and the exhibit thereon, were not considered herein and are disregarded as irrelevant to the handling of his CDCR 602s on issues arising herein regarding circumstances which took place during his custody at Pleasant Valley State Prison.

5

1  against Defendant Santos. (Doc. 37-1, Def. MTD, pp. 5-6; Duran Decl., p. 3.)

2  In the Complaint, Plaintiff alleged under penalty of perjury that he attempted to file a
3  CDCR 602 regarding the incident, but that after waiting for about 30 days for a response, he filed
4  another CDCR 602 concerning the assault which was acknowledged and rejected as untimely.
5  (Doc. 1, Compl., p. 2.) In his opposition to Defendant Santos' motion to dismiss, Plaintiff
6  submits a statement under penalty of perjury that, on October 25, 2007, he submitted a CDCR
7  602 alleging that Defendant Santos assaulted him, but that it was not processed by prison staff,
8  and that he filed a subsequent CDCR 602 on the incident which was screened out. (Doc. 38,
9  Plntf. Opp, p. 7.) Further, Plaintiff submitted exhibits that showed he filed a CDCR 602 on July
10 8, 2008 wherein he complained of being assaulted by Defendant Santos on the day he arrived at
11 Pleasant Valley State Prison and that he filed a CDCR 602 which staff failed/refused to log, and
12 failed to return the original, but that two outside agencies asked him to file a CDCR 602 on the
13 incident and send them a copy. (*Id.*, at 21.) This CDCR 602 was screened out and returned to
14 Plaintiff as duplicative of a CDCR 602 – filed on February 13, 2008 and screened out as untimely
15 on March 5, 2008. (*Id.*, at 23.)

16 The only evidence submitted by the defense on this claim is that their investigation
17 revealed that Plaintiff has not filed a CDCR 602 concerning his claims that he suffered personal
18 injuries from Defendant Santos' alleged physical assault against him on or about October 23,
19 2007 (Doc. 37-3, Def. MTD; Duran Decl., p. 3) and that there was no record of a Final Level
20 CDCR 602 being filed by Plaintiff that was accepted for review and exhausted between October
21 23, 2007 and August 11, 2008[3] (Doc. 37-4, Def. MTD; Fortson Decl., p. 3). The defense did not
22 present any evidence, or argument, to address Plaintiff's allegations that: (1) shortly after the
23 incident, he filed a CDCR 602 that was not returned and so is assumed to have been lost or
24 misplaced; (2) since he had not received a response, approximately thirty days later, Plaintiff

---

[3] Though not explicitly stated, any defense argument implying that a Director's Level response is necessary to satisfy the exhaustion requirement and the mere absence of a Director's Level response entitles one to dismissal is misplaced. *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level or has been reliably informed by an administrator that no remedies are available.").

6

filed another CDCR 602 which was rejected as untimely; and (3) in July he filed another CDCR 602 which was rejected as duplicative of the second one filed by Plaintiff on the issue. Nor did the defense even tangentially address Plaintiff's allegations that his timely filed CDCR 602 was misplaced and/or lost.

While it is true that, to be timely filed, a CDCR 602 must be submitted within fifteen working days of the event being appealed, Plaintiff raises significant questions as to whether acts of prison staff prevented his compliance with this requirement. Although the Ninth Circuit has not yet decided the issue, *Ngo v. Woodford*, 539 F.3d 1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit Courts have addressed the issue and held that exhaustion occurs when prison officials prevent exhaustion from occurring through misconduct or fail to respond to a grievance within the policy time limits, *e.g.*, *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (*quoting Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006))); *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); *Abney v. McGinnis*, 380 F.3d 663, 667 (2nd Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where

prison failed to respond to grievance); *Powe v. Ennis*, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit for prison's response has expired, the remedies are exhausted); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).  Thus, Plaintiff's allegations that he filed a CDCR 602 which was lost/misplaced by staff and never processed, at this stage in the litigation, can be viewed as sufficient to show that the inmate appeals process was rendered unavailable to him through the conduct of prison officials.

Further, while the absence of evidence that a grievance was officially filed may indicate Plaintiff never submitted the grievance, it may also indicate that the grievance was discarded or ignored by staff, as Plaintiff contends.  *See Spence v. Director of Corr.*, 2007 WL 61006, No. CIV S-05-0690 GEB KFM PC, *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are interfering with inmates' ability to properly file their 602s, then there will be no official record of the 602s having been 'accepted.'"), <u>findings and recommendations adopted in full</u>, 2007 WL 738528 (E.D.Cal. Mar. 6, 2007).  In a situation such as this in which the parties offer differing versions of events based on competing declarations, the issue is one of witness credibility and the Court cannot make that requisite assessment on a motion to dismiss.[4]

Accordingly, the motion to dismiss filed by Defendant A. Santos should be denied.

## II.     Conclusions and Recommendations

Defendant Mendoza has shown that Plaintiff did not exhaust the available administrative remedies on his allegations that Defendant Mendoza retaliated against him for filing a CDCR 602 before he filed this action such that Defendant Mendoza is entitled to dismissal of Plaintiff's

---

[4] Plaintiff's verified amended complaint functions as a declaration to the extent it is based on his personal knowledge of admissible facts.  *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

1 claim against him.  However, Defendant A. Santos has not shown that Plaintiff did not exhaust
2 all available administrative remedies on his allegations that he assaulted and battered Plaintiff on
3 October 23, 2007 and Defendant A. Santos is therefore not entitled to dismissal of Plaintiff's
4 claim against him.

     Accordingly, the Court HEREBY RECOMMENDS that:

(1)    the motion to dismiss, filed February 4, 2010 by Defendant Mendoza be GRANTED, and Plaintiff's claim against Defendant Mendoza for retaliating against Plaintiff in violation of the First Amendment be DISMISSED without prejudice, for failure to exhaust administrative remedies; and

(2)    the motion to dismiss, filed February 4, 2010 by Defendant A. Santos as to Plaintiff's claim that he used excessive force in violation of the Eight Amendment be DENIED.

     These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:**   **March 30, 2010**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE