IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, | 1:08-cv-01174-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| vs. | (Doc. 40.) |
| A. SANTOS, et al., | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FILED BY DEFENDANTS MENDOZA AND SANTOS |
| Defendants. | (Doc. 37.) |
| | ORDER DISMISSING PLAINTIFF'S CLAIM AGAINST DEFENDANT MENDOZA FOR FAILURE TO EXHAUST REMEDIES |

Whittier Buchanan ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On March 31, 2010, findings and recommendations were entered, recommending that the motion to dismiss filed by defendants Mendoza and Santos be granted in part and denied in part. (Doc. 40.) On May 4, 2010, plaintiff filed objections to the findings and recommendations. (Doc. 43.) In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case.

1

1    Plaintiff objects to the Magistrate Judge's recommendation that his claim against defendant
2 Mendoza be dismissed for failure to exhaust administrative remedies.[1]  Plaintiff argues that he
3 exhausted all the remedies *available* to him before filing this lawsuit on August 11, 2008.  Plaintiff
4 contends that he completed the available process when he filed his appeal at the informal level on
5 July 17, 2008, and fifteen days passed without any response from the appeals coordinator.  Plaintiff
6 filed this lawsuit on August 11, 2008, and he received a response to his appeal on August 12, 2008.
7 Plaintiff cites Title 15 of the California Code of Regulations at § 3084.6 as authority that prison staff
8 are required to respond within ten days to an informal level appeal.[2]  Plaintiff argues that he was
9 justified in filing the present lawsuit on August 11, 2008 without proceeding through all levels of the
10 prison grievance system, because the appeals coordinator's failure to timely respond to his appeal
11 was a clear indication that the appeals process was not available to him, particularly since the prison
12 had failed to process another appeal he filed.

13    The Ninth Circuit has held that a prisoner may *not* proceed to federal court while exhausting
14 administrative remedies.  Brown v. Valoff, 422 F.3d 926, 942 (9th Cir. 2005) (citing McKinney v.
15 Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (per curiam)).  "The obligation to exhaust 'available'
16 remedies persists as long as *some* remedy remains 'available.' "  Brown 422 F.3d 926, 935 (citing
17 Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819 (2001)).  However, "like all the other circuits that
18 have considered the question, [the Ninth Circuit also] 'refuse[s] to interpret the PLRA so narrowly as
19 to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay in
20 responding to grievances.' "  Brown, 422 F.3d at 943 (quoting Lewis v. Washington, 300 F.3d 829,
21 833 (10th Cir. 2002)).  "Delay in responding to a grievance, particularly a time-sensitive one, *may*
22 demonstrate that no administrative process is in fact available."  Brown, 422 F.3d at 943 (emphasis
23 added) (citing Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)).  However, absent facts

---

[1] The Magistrate Judge also recommended that Defendants' motion to dismiss plaintiff's claims against defendant A. Santos be denied.  Plaintiff did not object to this recommendation.

[2] Under § 3084.6, the time limits for reviewing appeals commence upon the date of receipt of the appeal document by the appeals coordinator or the appellant. Cal. Code Reg., tit. 15 § 3084.6(a). Informal level appeals are to be responded to and returned to the appellant by staff within ten working days. Id. at § 3084.6(b)(1).

suggesting that a plaintiff is prejudiced by the delay, such a determination is not necessarily appropriate. See id. (court declined to find that administrative process not available where no facts suggested that plaintiff was prejudiced by the long time it took to conclude the investigation into his staff complaint -- an investigation which regulations and operations manual required to be completed within one year).

Plaintiff contends that the appeals coordinator was required to respond to his appeal at the informal level within ten days of July 17, 2008, when he submitted the appeal. Even accepting as true plaintiff's assertions that he timely submitted his appeal on July 17, 2008, and the appeals coordinator improperly waited until August 12, 2008 to return it, plaintiff offers no facts to suggest that he was prejudiced by the appeals coordinator's delay. Consequently, this Court overrules plaintiff's objections to the findings and recommendations and shall adopt its conclusion that plaintiff failed to exhaust his administrative remedies with regard to his claim against defendant Mendoza prior to filing this lawsuit.

Based on the foregoing, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on March 31, 2010, are adopted in full;
2. The motion to dismiss, filed by defendants Santos and Mendoza on February 4, 2010, is granted in part and denied in part;
3. Plaintiff's claim against Defendant Mendoza, for retaliating against plaintiff in violation of the First Amendment, is DISMISSED without prejudice for plaintiff's failure to exhaust administrative remedies;
4. The motion to dismiss Plaintiff's claim against defendant A. Santos, for using excessive force in violation of the Eighth Amendment, is DENIED;
5. This action now proceeds only against defendant A. Santos, on plaintiff's claim for excessive force in violation of the Eighth Amendment;

///

6. The Clerk is directed to reflect the dismissal of defendant Mendoza from this action on the court's docket; and

7. This action is referred to the Magistrate Judge for further pre-trial proceedings.

IT IS SO ORDERED.

Dated:    June 7, 2010                        /s/ Anthony W. Ishii
                                                          CHIEF UNITED STATES DISTRICT JUDGE