IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN, | 1:08-cv-01174-AWI-GSA-PC |
|     Plaintiff, | ORDER STRIKING PLAINTIFF'S REPLY AS UNTIMELY |
| vs. | (Doc. 49.) |
| A. SANTOS, et al., | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS |
|     Defendants. | (Doc. 47.) |
| | ORDER FOR DEFENDANT SANTOS TO SUBMIT DOCUMENTS TO THE COURT UNDER SEAL FOR *IN CAMERA* REVIEW WITHIN FORTY-FIVE DAYS, AS INSTRUCTED BY THIS ORDER |
| | ORDER GRANTING DEFENDANT'S REQUEST FOR PROTECTIVE ORDER |

**I.     RELEVANT PROCEDURAL HISTORY**

Whittier Buchanan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on Plaintiff's original Complaint, filed on August 11, 2008, against defendant Correctional Officer ("C/O") A. Santos, for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

On September 17, 2009, the Court issued a Discovery/Scheduling Order establishing a deadline of May 17, 2010 for completion of discovery, including motions to compel.  (Doc. 23.)  On September

---

[1] On June 8, 2009, the Court dismissed defendants Collins, Yates, Garrison, Duty, Reyes, and McBryde from this action, based on Plaintiff's failure to state any claims against them.  (Doc. 15.)  On June 8, 2010, the Court dismissed defendant Mendoza from this action via defendants' motion to dismiss, based on Plaintiff's failure to exhaust administrative remedies.  (Doc. 44.)  Therefore, defendant Santos is the only defendant remaining in this action.

1

30, 2010, the Court granted Plaintiff thirty days in which to file a motion to compel. (Doc. 46.) On October 12, 2010, Plaintiff filed a motion to compel further discovery responses from Defendant, and for sanctions. (Doc. 47.) On November 1, 2010, Defendant filed an opposition. (Doc. 48.) On May 3, 2011, Plaintiff filed an untimely reply to the opposition. (Doc. 49.) Plaintiff's motion to compel and for sanctions is now before the Court.

## II. PLAINTIFF'S ALLEGATIONS AND CLAIM AGAINST DEFENDANT SANTOS

### *Allegations*

Plaintiff is a state prisoner who was transferred to Pleasant Valley State Prison ("PVSP") on October 23, 2007. While Plaintiff was waiting in the R&R building to be processed into PVSP, C/O Collins busied herself by giving inmates their property. Hours later, Defendant C/O A. Santos arrived and called Plaintiff by name. Plaintiff answered, and Santos handcuffed Plaintiff and led him outside. When they were outside the vision of other inmates, Santos slammed Plaintiff against a wall, hit him in the back of the neck with his forearm, and forced Plaintiff's face and neck against the wall as he pressed harder on Plaintiff's neck with his forearm. Plaintiff could hardly breathe. Santos demanded to know what Plaintiff had said to C/O Collins. Plaintiff denied saying anything to C/O Collins. Defendant Santos said that "she [Collins] said you got smart with her!" Cmpl at 5:1. Defendant Santos continued to assault Plaintiff, telling him not to "mess with our women." Cmpl at 5:11-19. Plaintiff alleges that Defendant Santos' actions were unjustified.

### *Excessive Force Claim*

Plaintiff brings an Eighth Amendment excessive force claim against Defendant. "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)). However, not "every malevolent touch by a prison guard gives rise to

1  a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual
2  punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force,
3  provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10
4  (internal quotations marks and citations omitted).

5  "[W]henever prison officials stand accused of using excessive physical force in violation of the
6  Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a
7  good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id.
8  at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to
9  evaluate the need for application of force, the relationship between that need and the amount of force
10 used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the
11 severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of
12 serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

13 **III.    MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
14     **A.    Rules 26, 34, and 37**

15 Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery
16 may seek an order compelling disclosure when an opposing party has failed to respond or has provided
17 evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure,
18 answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).
19 It is well established that a failure to object to discovery requests within the time required constitutes
20 a waiver of any objection." Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th
21 Cir.1992) (*citing* Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir.1981)). The moving party bears the
22 burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v.
23 Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

24 Under Rule 26(b), "[u]nless otherwise limited by court order, the scope of discovery is as
25 follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's
26 claim or defense — including the existence, description, nature, custody, condition, and location of any
27 documents or other tangible things and the identity and location of persons who know of any
28 discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject

Case 1:08-cv-01174-LJO-GSA   Document 52   Filed 05/26/11   Page 4 of 10

matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a request within the scope of Rule 26(b), to produce and permit the requesting party . . . to inspect, copy, test, or sample . . . any designated documents or electronically stored information . . . in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1)(A). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) *quoting* Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark 181 F.R.D. at 472. Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

Rule 37(a)(3)(B) empowers a propounding party to bring a motion to compel discovery responses: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. Pro. 37(a)(3)(B)(iv). The failure to respond to document requests "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. Pro. 37(d)(2).

**B.     Parties' Positions**

Plaintiff requests an order compelling Defendant to produce documents consisting of: "All information in Defendant's personnel file that relate[s] to prior use of excessive force; ethnic or racial bias; falsifying information; or planting evidence." Motion, Doc. 47 at 1:17-19. Plaintiff asserts that he submitted a written request for these documents to Defendant on October 2, 2009, but has not received the documents.

///

1    Defendant objects to Plaintiff's request on the grounds that the request is overbroad; the records
2 sought are irrelevant, privileged, and excludable under Federal Rules of Evidence 403 and 404(a); and
3 Defendant's privacy interest outweighs Plaintiff's interest in obtaining the information. Defendant argues
4 that the Court should recognize state privileges and procedures applicable to peace officers' personnel
5 records and Pitchess motions.[2]  Defendant also requests that if the Court finds in Plaintiff's favor, the
6 Court conduct an *in camera* review of the records and issue a protective order limiting Plaintiff's use of
7 the records. Plaintiff's reply, filed on May 3, 2011, is untimely and shall be stricken from the record.
8 Local Rule 230(l). Plaintiff's motion to compel is now before the Court.

9    **C.   Discussion**
10        **1.   Irrelevant and Inadmissible Evidence, and Overbroad Requests**
11    Defendant argues that Plaintiff's request seeks a wide range of irrelevant documents and
12 therefore is overbroad in scope. Defendant maintains that personnel records or inmate complaints
13 concerning Defendant's use of force in other unrelated incidents, ethnic or racial bias, and alleged
14 falsification of information or planting of evidence have nothing to do with Plaintiff's allegations in this
15 case.
16    This case now proceeds only against defendant C/O A. Santos, on Plaintiff's claim for use of
17 excessive force in violation of the Eighth Amendment. Plaintiff fails to offer any explanation how
18 Defendant's ethnic or racial bias is relevant to his one remaining claim or how denial of this discovery
19 will cause prejudice. The moving party bears the burden of demonstrating "actual and substantial
20 prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002)
21 (citations omitted.). Therefore, the Court finds that documents concerning Defendant's ethnic or racial
22 bias are irrelevant to this action, and Defendant shall not be compelled to produce such information.
23    With respect to documents concerning the alleged falsification of information or planting of
24 evidence, such discovery is relevant to Defendant's credibility in responding to Plaintiff's claims. The
25 purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the

---

27    [2]A Pitchess motion allows a criminal defendant to compel discovery of evidence from an arresting officer's
28 personnel file. See People v. Mooc, 26 Cal.4th 1216, 1219-20 (2001).

5

1  basic issues and facts disclosed to the fullest extent possible," United States v. Proctor & Gamble, 356
2  U.S. 677, 683, 78 S. Ct. 983 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor,
3  329 U.S. 495, 501, 67 S. Ct. 385 (1947).  Rule 26(b)(1) defines the general scope of discovery, and
4  provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any
5  party's claim or defense --including the existence, description, nature, custody, condition, and location
6  of any documents or other tangible things and the identity and location of persons who know of any
7  discoverable matter."  Fed. R. Civ. P. 26(b)(1).  "District courts have broad discretion in determining
8  relevancy for discovery purposes."  Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625 (9th
9  Cir. 2005).  Therefore, Plaintiff is permitted to obtain such information, and Defendant shall be required
10 to submit documents concerning the alleged falsification of information or planting of evidence by
11 Defendant to the Court under seal for an *in camera* review.

12      With respect to documents concerning Defendant's use of force in other unrelated incidents,
13 Defendant argues that such information has nothing to do with Plaintiff's allegations in this case and is
14 excludable under Federal Rules of Evidence 403 and 404(a).  Defendant argues that under Rule 404(a),
15 documents concerning Defendant's past conduct are not admissible as character evidence.  Rule 404(a)
16 provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose
17 of proving action in conformity therewith . . ."  Fed. R. Evid. 404(a).  However, under Rule 404(b),
18 evidence of past conduct is "admissible for other purposes, such as proof of motive, opportunity, intent,
19 preparation, plan, knowledge, identity, or absence of mistake or accident."  Fed. R. Evid. 404(b).
20 Therefore, Plaintiff's motion shall not be denied because the requested information is character evidence.

21      Defendant also argues, using authority from the Seventh Circuit, that the admission of such
22 evidence to show bias, motive, or modus operandi would violate Rule 403 because it would require a
23 series of minitrials to present specific details of each complaint to the jury.  Rule 403 provides that
24 "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the
25 danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue
26 delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Defendant's
27 argument fails, because under Rule 26, Plaintiff is permitted to discover information that is not
28 admissible at trial.  Under Rule 26(b)(1), "[r]elevant information need not be admissible at trial if the

discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Defendant also argues that Plaintiff's request is overbroad in time, since the request does not limit the dates of the documents requested. In cases such as Plaintiff's, this Court has allowed discovery of other similar claims brought against named defendants prior to the date of the incident at issue in the complaint. Here, Plaintiff has only requested documents relating to "prior use of excessive force" by Defendant. Motion, Doc. 47 at 1:18. Therefore, Defendant shall only be required to produce documents concerning alleged actions by Defendant prior to October 23, 2007, the date of the excessive force incident at issue in Plaintiff's complaint, and no further back than October 23, 2002. Defendant is reminded that "[a] party need not have actual possession of documents to be deemed in control of them," Clark, 181 F.R.D. at 472, and "[a] party that has a legal right to obtain certain documents is deemed to have control of the documents." Id.

## 2. **Privileged and/or Private Information**

Defendant argues that Defendant's personnel file contains highly privileged and private information protected by state law, and under the policy of comity this Court should apply state law privileges and procedures applicable to peace officers' personnel records and Pitchess motions. While this Court may give some weight to privacy rights protected by state statutes, the "ultimate responsibility for deciding how much weight to ascribe to such interests, and how that weight compares with the significance of competing interests, must reside with the federal courts." Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D.Cal. 1987). "Questions of privilege that arise in the course of the adjudication of federal rights are 'governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience.' " United States v. Zolin, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625 (1989) (quoting Federal Rule of Evidence 501). Despite claims of privilege, personnel files are discoverable in federal question cases. Garrett v. City and County of San Francisco, 818 F.2d 1515, 1519 n. 6 (9th Cir.1987) (citations omitted).

The Court concurs that Defendant's privacy rights with regard to his personal identification information outweigh Plaintiff's interest in gaining access to this information. Therefore, Defendant shall be required to redact Defendant's home address, full name, social security number, telephone

7

1 number, and family members' names from any of the documents produced pursuant to this order, before
2 submission to the Court for *in camera* review. Upon *in camera* review of the documents, the Court shall
3 determine whether additional information shall be withheld or redacted on the basis of privilege or
4 privacy.

### 3. Request for Protective Order

In the event that any portion of Defendant's personnel records are ordered disclosed, Defendant moves the Court for a protective order that: (1) limits the use of the records and information to the instant action only; (2) allows defense counsel to redact personal information regarding the Defendant, such as social security number, home address, family members' names, and other similar information; (3) requires the return of the records and information disclosed upon the conclusion of the instant action; and (4) protects Defendant, or any other officers whose records may be disclosed, from unnecessary oppression, embarrassment or annoyance.

Federal Rule of Civil Procedure 26(c) provides, in part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The Court concurs that a protective order should issue if any of the documents produced by Defendant pursuant to this order are released to Plaintiff. Therefore, Defendant's request for a protective order is granted, and in the event that any portion of Defendant's personnel records are ordered disclosed to Plaintiff, a protective order shall issue.

### IV. MOTION FOR SANCTIONS

Plaintiff requests the imposition of monetary sanctions upon Defendant in the amount of $1,000.00, for Plaintiff's expenses in obtaining this order, on the ground that Defendant's refusal to produce the documents requested had no substantial justification. In opposition, Defendant argues that his position with respect to the request for production of his personnel files to an inmate is substantially and legally justified as set forth in his opposition to the motion to compel. (Doc. 48 at 12 ¶VII.) Defendant also argues that Plaintiff, a pro se inmate, has no expenses that he has submitted evidence to support, or which can be justified, given he has no attorney fees. Id.

///

///

Rule 37(a)(5)(A) provides that:

> If the motion [to compel] is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff has not offered any evidence that Defendant was not justified in objecting to the request to produce documents. The Court finds Defendant's objections to be reasonable under the circumstances. Defendant was substantially justified in objecting on the ground that the personnel files may contain privileged and private information. Some of the information requested by Plaintiff was not relevant, and therefore Defendant was substantially justified in objecting on that basis. The Court finds that Defendant had good cause to raise the question whether Plaintiff's interest in obtaining the information is outweighed by Defendant's right to privacy. Even if Defendant's objections had not been found substantially justified, Plaintiff has not offered any evidence that he incurred $1,000.00 in expenses to obtain this order. Therefore, Plaintiff's motion for sanctions shall be denied.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's reply to Defendant's opposition to Plaintiff's motion to compel, filed on March 3. 2011, is STRICKEN as untimely;

2. Plaintiff's motion to compel production of documents, filed on October 12, 2010, is GRANTED in part;

3. Within forty-five days of the date of service of this order, Defendant is required to submit to the Court, under seal for *in camera* review:

(1) All documents found in Defendant C/O A. Santos' personnel file concerning any allegations of use of excessive force by Defendant C/O A. Santos, relating to incidents occurring before October 23, 2007, but not further back than October 23, 2002, and

(2) All documents found in Defendant C/O A. Santos' personnel file concerning any allegations of falsification of information or planting of evidence by Defendant C/O A. Santos, relating to incidents occurring before October 23, 2007, but not further back than October 23, 2002;

4. Defendant is required to redact Defendant's home address, full name, social security number, telephone number, and family members' names from any of the documents produced pursuant to this order, before submission to the Court;

5. Defendant's request for a protective order is GRANTED, and in the event that any portion of Defendant's personnel records are ordered disclosed to Plaintiff, a protective order shall issue;

6. Plaintiff's motion for sanctions is DENIED; and

7. The failure of Defendant to comply with this order may result in the imposition of sanctions deemed appropriate by this Court.

IT IS SO ORDERED.

Dated:   May 25, 2011              /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE