1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WHITTIER BUCHANAN,                    1:08-cv-01174-AWI-GSA-PC

12            Plaintiff,                   ORDER DENYING DEFENDANT'S MOTION
                                           TO MODIFY SCHEDULING ORDER
13        vs.                              (Doc. 50.)

14   A. SANTOS, et al.,                    ORDER STRIKING MOTION FOR SUMMARY
                                           JUDGMENT FROM COURT'S RECORD
15                                         (Doc. 51.)
         Defendants.
16   _____/

17   **I.     BACKGROUND**

18        Whittier Buchanan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this

19   civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on Plaintiff's original

20   Complaint, filed on August 11, 2008, against defendant Correctional Officer ("C/O") A. Santos

21   ("Defendant"), for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

22        On May 5, 2011, Defendant filed a motion to modify the Court's scheduling order, to allow him

23   to bring a late motion for summary judgment.  (Doc. 50.)  Defendant also submitted a proposed motion

24   for summary judgment, which was filed by the Clerk on May 5, 2011.  (Doc. 51.)

25   _____

26        [1] On June 8, 2009, the Court dismissed defendants Collins, Yates, Garrison, Duty, Reyes, and McBryde from this
     action, based on Plaintiff's failure to state any claims against them.  (Doc. 15.)  On June 8, 2010, the Court dismissed
27   defendant Mendoza from this action via defendants' motion to dismiss, based on Plaintiff's failure to exhaust administrative
     remedies.  (Doc. 44.)  Therefore, defendant Santos is the only defendant remaining in this action.

28                                              1

**II.     MODIFICATION OF SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant argues that the Court should allow him the opportunity to file a late motion for summary judgment, in the interest of judicial economy.  Defendant also argues that Plaintiff will not be prejudiced if the pretrial schedule is modified, because Plaintiff's motion to compel discovery is pending and the Court has not set a trial date.  Finally, Defendant argues that he should not be penalized for his counsel's oversight.

The current deadline for the parties to file pretrial dispositive motions expired on July 27, 2010, pursuant to the Court's scheduling order of September 17, 2009.  (Doc. 23.)  Counsel for Defendant, Todd Irby ("Counsel"), declares that he assumed the role of primary counsel in this case on December 31, 2009.  (Irby Decl., Doc. 50-2 ¶2.)  On February 4, 2010, Counsel filed an unenumerated Rule 16(b) motion to dismiss on behalf of Defendants Mendoza and Santos, and on June 8, 2010, the Court dismissed defendant Mendoza from this action, leaving Santos as the only defendant.  (Id. ¶¶3-4; Docs. 37, 40, 44.)  Counsel made an assessment of Plaintiff's claims, concluded there was not a good faith basis to move for summary judgment, and allowed the July 27, 2010 dispositive motions deadline to expire.  (Id. ¶5.)  After further investigation, Counsel concluded there is a good faith basis for summary judgment, on the grounds that (1) there is no evidence that Defendant Santos' use of force against Plaintiff was excessive, and (2) there is no evidence that any alleged act by Defendant Santos either aggravated Plaintiff's pre-existing injuries, or caused any new injuries.  (Id. ¶6.)

**Discussion**

This action has been defended by Counsel since December 31, 2009, leaving Defendant ten months to prepare a motion for summary judgment.  Even assuming that Counsel waited to assess the case for summary judgment until after Defendant's motion to dismiss was resolved on June 8, 2010,

2

1   Defendant still had seven weeks before the dispositive motions deadline expired.  Counsel admits he did

2   not make a proper assessment of the case before allowing the deadline to expire.  Defendant has failed

3   to show diligence, and to allow a modification of the scheduling order without good cause would render

4   scheduling orders essentially meaningless and directly interfere with the courts' attempts to manage their

5   dockets and with the standard course of litigation in actions such as this.  Johnson, 975 F.2d at 610 ("A

6   scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation

7   omitted)).

8         Defendant's argument that it is in the interest of judicial economy to allow his late motion is

9   unavailing.  It is in the interest of judicial economy for Defendant to comply with the Court's scheduling

10  orders and raise all applicable grounds for judgment as a matter of law in a timely-filed motion.

11  Therefore, Defendant's motion shall be denied, and the motion for summary judgment shall be stricken

12  from the record.

13  **III.   CONCLUSION**

14        Based on the foregoing, IT IS HEREBY ORDERED that:

15    1.    Defendant's motion to modify the scheduling order, filed on May 5, 2011, is DENIED;

16          and

17    2.    Defendant's motion for summary judgment, filed on May 5, 2011, is STRICKEN from

18          the Court's record.

19

20     IT IS SO ORDERED.

21   **Dated:** __**May 27, 2011**__              ___**/s/ Gary S. Austin**___
                                              UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28                                          3