IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN,<br><br>    Plaintiff,<br><br>    vs.<br><br>A. SANTOS, et al.,<br><br>    Defendants.<br>_____/ | 1:08-cv-01174-AWI-GSA-PC<br><br>ORDER SETTING TELEPHONIC SETTLEMENT CONFERENCE BEFORE MAGISTRATE JUDGE GARY S. AUSTIN<br><br>Date:    **July 12, 2012**<br>Time:    **10:30 a.m.**<br><br>CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENTS DUE **June 28, 2012** |

   Whittier Buchanan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  The Court has determined that this case would benefit from inclusion in the Court's prisoner case settlement program.  A telephonic settlement conference will be conducted at the United States District Court, 2500 Tulare Street, Fresno, California, on July 12, 2012 at 10:30 a.m. before the undersigned.  Counsel for Defendants are required to arrange for the participation of Plaintiff in the telephonic settlement conference and to initiate the conference by first connecting Plaintiff to a conference call, then calling the Court with all parties on one line at (559) 499-5960.  If defense counsel has questions concerning the logistics of the call, they are to contact the Courtroom Deputy at (559) 499-5962.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a telephonic settlement conference before the undersigned on July 12, 2012 at 10:30 a.m. at the United States District Court, 2500 Tulare Street, Fresno, California 93721.  Counsel for defendants are ordered to arrange for the participation of Plaintiff in the telephonic settlement conference and to initiate the conference by first connecting Plaintiff to a conference call, then calling the Court with all parties on one line at (559) 499-5960.

2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf shall actively participate in and be on the call for the telephonic settlement conference.[1]

3. Those participating in the telephonic settlement conference must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to participate in the telephonic settlement conference may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4. Each party shall provide a Confidential Settlement Conference Statement to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov, to arrive no later than June 28, 2012, and file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

Settlement Conference Statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement Conference Statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon. The Confidential Settlement Conference Statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e. The relief sought.

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g. A brief statement of each party's expectations and goals for the settlement conference.

5. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office at Kern Valley State Prison via facsimile at (661) 720-4949.

IT IS SO ORDERED.

Dated: **June 11, 2012**            /s/ Gary S. Austin
                                                 UNITED STATES MAGISTRATE JUDGE