1
2
3
4
5
6
7
8                      # UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11    WHITTIER BUCHANAN,                      1:08-cv-01174-AWI-GSA-PC

12              Plaintiff,                     ORDER DENYING PLAINTIFF'S MOTION
                                              FOR ATTENDANCE OF INCARCERATED
13         v.                                  WITNESS AT TRIAL
                                              (Doc. 66.)
14    A. SANTOS,

15              Defendant.
      _____/
16

17    **I.       BACKGROUND**

18             This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Whittier Buchanan, a state

19    prisoner proceeding pro se and in forma pauperis.  Plaintiff is presently incarcerated at Kern Valley

20    State Prison ("KVSP") in Delano, California.  The events at issue in this case allegedly occurred at

21    Pleasant Valley State Prison ("PVSP") when Plaintiff was incarcerated there.  The case now

22    proceeds against defendant Correctional Officer ("C/O") A. Santos, on Plaintiff's claims for

23    excessive force and inadequate medical care in violation of the Eighth Amendment.  This case is

24    scheduled for jury trial to commence on September 25, 2012 at 8:30 a.m. before District Judge

25    Anthony W. Ishii.

26             On June 7, 2012, Plaintiff filed a motion for the attendance of incarcerated witnesses at trial.

27    (Doc. 66.)  On July 10, 2012, Defendant filed an opposition to the motion.  (Doc. 70.)  Plaintiff did

28    not file a reply.  Plaintiff's motion is now before the Court.

                                           1

## II.   MOTION FOR ATTENDANCE OF INMATE WITNESS

In the Court's Second Scheduling Order of May 2, 2012, Plaintiff was advised that before the Court will issue an order to transport an incarcerated witness to trial, Plaintiff must file a motion stating the name, address, and prison identification number of such witness, and submit a declaration showing that the witness is willing to testify and has actual knowledge of relevant facts. (Doc. 58 at 2-3.) "The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed." (Id. at 3:1-7.) "The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred." (Id. at 3:8-18.)

Plaintiff requests the attendance at trial of five inmate witnesses who are presently incarcerated at KVSP: (1) Michael A. Miller, #T-27370, (2) T. Sousa, #T-85135, (3) C. Lee, #D-42556, (4) W. Nible, #P-45257, and (5) Cato, #H35663. Plaintiff declares under penalty of perjury that each of the prospective witnesses informed him in 2011 and/or 2012, on the C-Yard at KVSP, that they are willing to testify without being subpoenaed. (Buchanan Declaration, Doc. 66 at 2:5-10.) Plaintiff also asserts that each of the five prospective witnesses was previously housed at PVSP,

before or after Plaintiff's arrival there, and heard about how Plaintiff was assaulted by Defendant C/O Santos and lost his hearing as a result of the assault.  (Id. at 2:11-16.)

In opposition, Defendant argues that each of the prospective incarcerated witnesses should be precluded from testifying at trial because their testimony is based upon biased, irrelevant, hearsay-based and innuendo-driven information which will not aid the trier of fact in reaching a fair resolution of the parties' dispute.

### (1)   Michael A. Miller, #T-27370

Plaintiff declares that Miller was present when Plaintiff began losing his hearing and assisted him in legal matters, after learning from Plaintiff about the assault.  (Id. at 2:17-19.)

Defendant argues that Plaintiff has not substantiated that Miller has first-hand knowledge of the incidents at issue in this action; that Miller's alleged assistance with Plaintiff's legal matters is irrelevant; and that Miller's' prospective testimony is substantially outweighed by the danger of undue prejudice.  Fed. R. Evid. 403, 611(a); U.S. v. Layton, 767 F.2d 549, 551-56 (9th Cir. 1985).

### (2)   T. Sousa, #T-85135

Plaintiff declares that Sousa was at PVSP when Plaintiff lost his hearing after being assaulted by Defendant C/O Santos.  (Buchanan Declaration at 2:28-3:3.)

Defendant argues that inmate Sousa's testimony is based on unspecified knowledge and second-hand knowledge as gleaned from listening to other officers' conversations; lacks a proper foundation establishing Sousa's personal knowledge of the specific incident alleged in Plaintiff's complaint, Fed. R. Evid. 602; and is substantially outweighed by the danger of undue prejudice, Fed. R. Evid. 403, 611(a); Layton, 767 F.2d at 551-56.

### (3)   C. Lee, #D-42556

Plaintiff declares that Lee knew about the assault by Defendant C/O Santos and about how and why Plaintiff lost his hearing.  (Buchanan Declaration at 24-26.)  Plaintiff also asserts that Lee's testimony will show "a pattern of the 'Green Wall's' malfeasance."  (Id. at 2:27-28.)

Defendant argues that Lee's prospective testimony is impermissible lay opinion regarding specialized scientific or medical issues, Fed. R. Evid. 701; is based upon vague, irrelevant assertions wholly unrelated to the underlying incident, Fed. R. Evid. 602; lacks proper foundation establishing

1   Lee's personal knowledge of the specific incident alleged in the complaint, Fed. R. Evid. 401-402;

2   is based on multiple levels of hearsay, Fed. R. Evid. 402, 805; and is substantially outweighed by

3   the danger of undue prejudice, Fed. R. Evid. 403, 611(a).  Defendant also argues that due to

4   insufficient foundation of Lee's expertise in correctional institution policies and procedures, Lee is

5   incompetent to testify regarding the existence of an alleged "Green Wall" organization which

6   Plaintiff alleges deprives inmates of their constitutional rights.  Fed. R. Evid. 602.

7            **(4)    W. Nible, #P-45257**

8            Plaintiff declares that Nible was at PVSP when Plaintiff lost his hearing after being

9   assaulted by Defendant C/O Santos.  (Buchanan Declaration at 2:28-3:3.)

10          Defendant argues that Plaintiff's declaration offers no evidence that Nible has first-hand

11  knowledge about the incident, when and where it occurred, who was present, and how Nible

12  happened to be in a position to see or hear what occurred at the time that it occurred.  Fed. R. Evid.

13  602. Defendant also argues that Nible is incompetent to testify regarding the existence of an alleged

14  "Green Wall" organization which Plaintiff alleges deprives inmates of their constitutional rights.

15  Fed. R. Evid. 602.

16           **(5)    Cato, #H35663**

17          Plaintiff declares that Cato arrived after the alleged assault by defendant C/O Santos, but

18  observed Plaintiff being assaulted later that year by another correctional officer.  (Buchanan

19  Declaration at 2:20-22.)

20          Defendant argues that Plaintiff's declaration relies on irrelevant facts, such as Cato's

21  observation of Plaintiff being assaulted later by another officer, and vague reference to his alleged

22  presence at the underlying incident, and Cato's prospective testimony is substantially outweighed

23  by the danger of undue prejudice.  Fed. R. Evid. 403, 611(a); Layton, 767 F.2d at 551-56.

24  **III.    DISCUSSION**

25          Plaintiff has not fully complied with the requirements of the Second Scheduling Order.

26  While Plaintiff has sufficiently identified his prospective inmate witnesses and submitted a

27  declaration demonstrating that the witnesses are willing to testify at trial, there is no indication that

28  any of the prospective witnesses was an eye- or ear-witness to relevant facts.  While Plaintiff

4

declares that inmates Miller and Lee knew about the alleged assault by C/O Santos, Plaintiff has not established that they were eye- or ear-witnesses to the actual assault or had any other first-hand knowledge about it.  Plaintiff's declaration is not specific about any incident witnessed by a prospective witness, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.  Thus, Plaintiff's motion fails to comply with the requirements of the Second Scheduling Order, and the motion must be denied.

Moreover, while inmates Miller, Sousa, Lee, and Nible may know that Plaintiff suffers from a hearing loss, they are not competent to testify about specialized scientific or medical issues, such as how or why Plaintiff's hearing loss occurred.  Fed. R. Evid. 701.[1]

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for attendance of inmate witnesses at trial is DENIED.

IT IS SO ORDERED.

Dated:    August 2, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Rule 701 provides: "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702 [Testimony by Expert Witnesses]."  Fed. R. Evid. 701.